```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

|  |  |
|---|---|
| TRAVONTE JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Cv. No. 14-cv-2003-SHM |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION TO VACATE AND AMEND DEFENDANT'S 2255 IN LIGHT OF SHEA v. UNITED STATES**

Before the Court is Defendant Travonte Johnson's October 28, 2020 pro se Motion to Vacate and Amend Defendant's 2255 in Light of Shea v. United States m-1899 (the "Motion"). (D.E. No. 38.) The government has not responded. For the following reasons, the motion is **DENIED**.

On April 27, 2010, a grand jury returned a single count indictment against Johnson for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (Cr. D.E. No. 1.) On September 17, 2012, Johnson pled guilty. (Cr. D.E. No. 125.)

On March 4, 2013, Johnson was sentenced to 235 months in prison, followed by three years of supervised release. (Cr. D.E. No. 136.) The Court determined that Johnson was an armed career criminal under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e). (Presentence Investigation Report ("PSR") ¶

27.) Johnson's predicate convictions included four (4) Tennessee convictions for aggravated burglary and two (2) Tennessee convictions for criminal attempt: aggravated burglary. (PSR ¶¶ 31-36.)

Johnson filed his original § 2255 Motion on January 2, 2014. (D.E. No. 1.) On September 4, 2015, he filed a Motion to Amend his § 2255 Motion in Light of Johnson v. United States, 576 U.S. 591 (2015). (D.E. No. 17.)  In Johnson, the Supreme Court held that the residual clause of the ACCA, which provided that the ACCA covered crimes that "otherwise involve[] conduct that present[] a serious potential risk of physical injury to another," was unconstitutionally vague.  Johnson, 576 U.S. at 594-601.  The Supreme Court held that enumerated offenses, including burglary, and the elements test of the ACCA were not called into question by its ruling on the residual clause. Id. at 606.  After Johnson, the Sixth Circuit held that a conviction for aggravated burglary under Tennessee law did not qualify as a violent felony predicate offense under the ACCA because the Tennessee statute was broader than the generic burglary listed as an enumerated offense.  United States v. Stitt, 860 F.3d 854 (6th Cir. 2017) ("Stitt I").  Based on Johnson and Stitt I, the Court granted Johnson's § 2255 motion and vacated his sentence. (D.E. No. 31.)

The Supreme Court overruled Stitt I and held that the Tennessee aggravated burglary statute satisfied the definition of burglary for purposes of the enumerated violent felony predicate offense of burglary under the ACCA. United States v. Stitt, 139 S. Ct. 399, 306-407 (2018) ("Stitt II"). Based on Stitt II, the Sixth Circuit reversed this Court's grant of § 2255 relief to Johnson and remanded the case with instructions to reinstate the original sentence. Johnson v. United States, Nos. 18-6006/6123 (6th. Cir. 2019). The Court reinstated Johnson's sentence. (See Cr. D.E. No. 227.)

In this Motion, Johnson asks the Court to vacate his sentence in light of Shea v. United States, 976 F.3d 63 (1st Cir. 2020). (D.E. No. 38, 1.) The First Circuit in Shea, 976 F.3d at 65-66, held that, "[i]n Johnson v. United States, the Supreme Court held that a jumble of words in a federal law could not be used to fix a defendant's sentence, a rule that applies retroactively." Johnson relies on that language. (D.E. No. 38, 2.) He argues that the Sixth Circuit erred when it reversed this Court's grant of § 2255 relief and that the Sentencing Guidelines under which he was sentenced were unconstitutional. (See id.)

Johnson's arguments are without merit. In Shea, the First Circuit decided that a § 2255 motion was timely, despite having been filed more than a year after the defendant had been

3

sentenced. Shea, 976 F.3d at 69. The court reasoned that the Supreme Court's decision in Johnson reopened the one-year window to challenge the pre-Booker mandatory Sentencing Guidelines' residual clause. Id. (citing United States v. Booker, 543 U.S. 220 (2005)). The Sixth Circuit has expressly rejected that conclusion. See Raybon v. United States, 867 F.3d 625, 630-631 (6th Cir. 2017) (holding that a § 2255 motion was untimely because the defendant sought recognition of a new right not to be sentenced as a career offender under the residual clause of the pre-Booker mandatory Sentencing Guidelines.)

Johnson may not assert a constitutional challenge to the Sentencing Guidelines because he has not sentenced under the mandatory Sentencing Guidelines, and he was sentenced based on an enumerated offense, not the residual clause. In 2005, the Supreme Court held that the Sentencing Guidelines were not mandatory. Booker, 543 U.S. at 226-227. Johnson was initially sentenced on March 4, 2013. (Cr. D.E. No. 136.) The Supreme Court held in Beckles v. United States, 137 S. Ct. 886, 892 (2017), that the advisory Sentencing Guidelines do not mandate the permissible range of sentences and, therefore, that language identical to the ACCA's residual clause in the advisory Sentencing Guidelines is not unconstitutionally vague.

Johnson's previous convictions for aggravated burglary did not fall under the residual clause. They fell under the

4

enumerated offense of burglary.  They satisfy the definition of burglary.  See Stitt II, 139 S. Ct. at 406-407.  Contrary to Johnson's argument, "a jumble of words" refers to specific language in the residual clause of the ACCA.  The same language in the advisory Sentencing Guidelines does not make the Sentencing Guidelines unconstitutional.

The Court cannot consider Johnson's argument that the Sixth Circuit erred when it reversed this Court's decision granting § 2255 relief.  Johnson asks the Court to overrule decisions of the Sixth Circuit and the Supreme Court.  A district court "certainly lacks authority to overrule, reverse or otherwise 'correct' a decision issued by the circuit court which has the power of appellate review over such district court . . ." Spindle v. United States Executive Branch, Civil No. 07-4491; 2008 WL 11468220 (D. N.J., May 1, 2008); see also U.S. v. Jefferson, 446 Fed. App'x 553, 554-555 (4th Cir. 2011) (the district court was without authority to adopt Virginia's rules for chain of custody because the 4th Circuit had different rules and because a district court lacks the inherit power to circumvent the Federal Rules of Criminal Procedure).  Lower federal courts may not overrule the Supreme Court.  See Rodriguez de Quijas v. Shearson/Am. Exp., Inc., 490 U.S. 477 (1989) ("the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions").

5

The Sixth Circuit reversed this Court's grant of § 2255 relief because the Supreme Court had held that the Tennessee aggravated burglary statute under which Johnson was convicted satisfied the definition of burglary under the ACCA.  Johnson, No. 18-6006/6123 at *2-3.  The Court lacks the authority to overturn the Sixth Circuit's decision or the Supreme Court's decision in Stitt II.

Johnson's Motion is **DENIED**.

SO ORDERED this 3rd day of December, 2020.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE